## RECOHS *v.* YOUNGLOVE.

REAL PROPERTY. *Failure of covenant of seizin.   Measure of damages.   Con-
veyance.*   Where a deed purports to convey an absolute estate to the
entire land in fee, but in fact conveys only a life estate, the fee hav-
ing failed in an action at law upon the covenant of seizin and war-
ranty of title, the measure of damages which the purchaser may re-
cover is the difference between the value of the life estate and the fee,
the contract of sale and conveyance remaining in force as to the part
to which the title did not fail.

Case cited: Kincaid *v.* Brittain, 5 Sneed, 119.

### FROM HAMILTON.

Appeal  from  the  Circuit  Court.    J.  B.  HOYL,
Judge.

WHEELER & MARSHALL for plaintiff.

KEY & RICHMOND for defendant.

McFARLAND, J., delivered the opinion of the court.
    25—VOL. 8.

This action was brought by Younglove upon the covenants of seizin and warranty of title in a deed made to him by Recohs for a tract of land in Chattanooga, both of which covenants are alleged to have been broken. Under the charge of the judge below, the plaintiff recovered upon the breach of the covenant of seizin the full consideration paid with interest. The defendant excepted to the charge, and has appealed in error. The deed from Recohs to Younglove purports to convey a fee simple title to the land. After giving a general description of the land, it says, being the same land purchased by me at a chancery sale made under a decree of the chancery court at Chattanooga in the case of Sallie E. Bruce and N. H. Bents, administrators, etc., against Mattie W. Bruce and others, which sale was made on the 30th of Nov., 1869, in bar of the equity of redemption and the dower interest in which I purchased from Sallie E. Bruce subsequent to said sale of the said chancery land.

It was shown on the trial that upon a writ of error the decree of sale referred to under which Recohs purchased the land was reversed, and it was adjudged that he acquired no title by his purchase. This is not controverted, but it was insisted that by the deed Recohs conveyed to Younglove two separate estates—one the life estate of Sallie E. Bruce, the other the fee simple—and as there was no proof that the title was not good to the life estate of Sallie E. Bruce, the plaintiff was only entitled to recover the difference between said life estate and the fee. The

deed purported to convey the absolute estate to the entire land in fee. The reference to the source of this title was not intended to limit · or qualify the character of his conveyance or his covenant. The legal meaning of his covenant of seizin was, that he had the very estate in quantity and quality which the deed purported to convey, that is a fee simple title. As it is conceded that he did not have a fee simple title, it is clear that the covenant was broken, and that the plaintiff was entitled to recover. See *Kincaid* v. *Brittain,* 5 Sneed, 119. The question is as to the measure of damages. It appears that the bargainor claimed the dower interest of Sallie E. Bruce, and it is not shown but what his title to this extent was good. The question is, was the plaintiff authorized to treat the failure as entire, and recover the entire purchase money, or was he bound to retain whatever title was acquired to the life estate, and recover the difference in value between the fee simple title to the whole, and the life estate in such part as was covered by the decree; or in other words, to recover the purchase money paid, and interest on the value of the life estate? It is settled that the measure of damages is the consideration paid with interest, where there is an entire failure of title, or as was said by Judge McKinney in *Kincaid* v. *Brittain,* 5 Sneed, 119, where the purchaser has an election to treat it as such. And in the latter case the effect of a recovery of an equivalent in damages would be to entitle the bargainor to a reconveyance of whatever title had passed by the deed, and this, if refused, a

court of equity would enforce, and perhaps the effect of such recovery of damages would be by operation of law to revert the title in the bargain, that is such title as was conveyed. See also Rawle on Cov., p. 76, *et seq.*

It is not clearly shown, however, in what cases the purchaser has the right to treat the failure of title as entire. In Rawle on Cov., p. 88, *et seq.*, treating of the covenant of warranty, it is said, " It is well settled that while upon a total breach of this covenant a purchaser may, as a general rule, recover the whole consideration money, so where there is a partial breach he may recover *pro tanto.*" Thus in the early case of *Gray* v. *Briscoe,* one covenanted that he was seized of Blackacre in fee simple, when in fact it was copyhold land, and the jury were directed to give damages according to the rate at which they valued fee simple more than copyhold land. So where in a case in New York the parties had a life estate in four-sixths of the premises, and a fee in the remainder, it was held in an action on the covenant for seizin that the damages should be measured by deducting the value of the life estate from four-sixths of the purchase money, and without interest, as there was no one to call upon the plaintiff for *mesne* profit. So where a tenant for life having conveyed with covenant for seizin in fee, the purchaser was held entitled to recover the consideration money, deducting therefrom the value of the life estate, and for the same reason as in the case last cited, without interest. The principal adopted in these cases, says the

author, has been recognized and applied in many others. See p. 90, and authorities referred to in notes. The argument against this is, that the purchaser ought not to be compelled to accept a title to a part, or an estate for life, when the fee or the entire estate was the inducement to the purchase. The reply is, that there would be important considerations upon an application to a court of equity for a decision, but if the purchaser choose to sue upon the covenant at law without a recision or offer to rescind, he can only recover to the extent of the breach, the contract of sale and conveyance remaining in force as to the part to which the title does not fail. See same authority, p. 92. *Morris* v. *Phillips,* 5 John, 56. We have found no authority holding a contrary doctrine. The result is, the judgment must be reversed and a new trial awarded.

TURNEY, J, dissented:

I am of opinion the charge of the circuit judge is correct, and therefore dissent from this opinion.